UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DAVID BRAY,
Plaintiff,

Case No.: 18-cv-5205

Honorable Henry Pitman

-against-

PURPLE EAGLE ENTERTAINMENT, INC., and
RICHARD MGRDECHIAN,
Defendants.
-----------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION TO STRIKE PLAINTIFF DAVID BRAY'S AMENDED COMPLAINT AS IMMATERIAL, IMPERTINENT AND SCANDALOUS PURSUANT TO F.R.C.P. RULE 12(f)**

DAVIDOFF LAW FIRM, PLLC
Jonathan Marc Davidoff, Esq.
*Attorney for the Defendants*
228 East 45th Street, Suite 1700
New York, NY 10017
Telephone: (212) 587-5971
Fax: (212) 658-9852

# Table of Contents

**TABLE OF AUTHORITIES ........ ii**

**PRELIMINARY STATEMENT ........ 1**

**BRIEF FACTUAL BACKGROUND ........ 2**

**DISCUSSION ........ 5**

- **A. Standard of Review ........ 5**
- **B. A Substantial Number of the Allegations Contained in Plaintiff's Complaint Must be Stricken as Immaterial, Impertinent and Scandalous ........ 7**
- **C. The Court Should Act Pursuant to its Inherent Powers and Issue an Order of Sanctions, Costs and Attorneys' Fees against the Plaintiff and Mr. Partlatore ........ 9**

**CONCLUSION ........ 11**

# Table of Authorities

**Cases**

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ........ 9
*Cooper v. North Jersey Trust Co.*, 10 Fed. R. Serv. 2d 127, 130 (S.D.N.Y. 1966) ........ 6
*G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002) ........ 5
*Lipsky v. Commonwealth United Corp.*, 551 F. 2d 887, 893 (2d Cir. 1976) ........ 5, 6, 7
*Morse v. Weingarten*, 777 F. Supp. 312 (S.D.N.Y. 1991) ........ 5
*Nasco, Inc. v. Calcasieu Tel. & Radio*, 894 F.2d 696, 702-03 (5th Cir. 1990) ........ 9
*Roberto's Fruit Mkt., Inc. v. Schaffer*, 13 F. Supp. 2d 390, 397 (E.D.N.Y. 1998) ........ 5
*Toto v. McMahan, Brafman, Morgan & Co.*, 1995 U.S. Dist. LEXIS 1399 at *46-47 (S.D.N.Y. 1995) ........ 5, 6
*Velez v. Lisi*, 164 F.R.D. 165, 166 (S.D.N.Y. 1995) ........ 5
*Wine Mkts. Int'l v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998) ........ 5

**Statutes and Other Authorities**

Federal Rules of Civil Procedure Rule 12(f) ........ 1, 5
*Moore's Fed. Practice 3d* § 12.37[1] ........ 5
Wright, Miller & Marcus, *Fed. Prac. & Proc.: Civil 2d* § 1382, at 714 ........ 6

Defendants, Purple Eagle Entertainment, Inc. ("Purple Eagle") and Richard Mgrdechian ("Mr. Mgrdechian") (collectively the "Defendants"), by and through their counsel, the Davidoff Law Firm, PLLC, respectfully submit this Memorandum of Law in support of the instant motion pursuant to Federal Rules of Civil Procedure Rule 12(f) for an order striking vast and substantial portions of Plaintiff's, David Bray's ("Mr. Bray" or "Plaintiff"), Amended Complaint as immaterial, impertinent and scandalous, and for further any other relief this Court may deem as just and proper.

**PRELIMINARY STATEMENT**

Numerous paragraphs of Plaintiff's Amended Complaint must be stricken pursuant to F.R.C.P. Rule 12(f) as they are immaterial and impertinent to the facts underlying the instant matter and/or scandalous in nature. *See* Amended Complaint attached hereto as **Exhibit "A"**. Plaintiff's allegations almost exclusively claim various false, improper and defaming personal accusations against Mr. Mgrdechian. This clearly evidences the purpose of the Amended Complaint – not to adjudicate any actual legal dispute, rather to defame and embarrass Mr. Mgrdechian in the public under the litigation privilege[1]. Additionally, prior to the filing of the Amended Complaint, the Defendants filed a motion to strike substantially the same portions of the Complaint as immaterial, impertinent and scandalous. Despite being put on notice to the impropriety of a vast majority of the allegations in the Complaint, the Plaintiff decided to allege again the same irrelevant, meritless and defaming facts in the Amended Complaint. For this reason alone, Plaintiff and, especially his counsel, should be sanctioned with the harshest possible penalties that this Court can issue.

Plaintiff's Amended Complaint appears to be premised upon alleged copyright infringement committed by the Defendants against the Plaintiff's ownership and/or authorship

[1] It should be noted the litigation privilege does not extend to potential future claims (i.e. malicious prosecution).


**DAVIDOFF LAW FIRM, PLLC**
228 East 45th Street, Suite 1700, New York, New York 10017 ● Telephone (212)-587-5971● Fax (212)-658-9852

interests in several musical compositions and recordings. *Id*. However, while a curt portion of the Amended Complaint pertains to Plaintiff's copyright claims, the vast majority of the Amended Complaint is composed of immaterial and scandalous allegations against Mr. Mgrdechian. The Amended Complaint blatantly and intentionally attacks Mr. Mgrdechian in his individual capacity making numerous allegations as to Mr. Mgrdechian's political views and accusing Mr. Mgrdechian of committing numerous acts of lewd, abusive, improper, and criminal conduct. *Id.* It is obvious that none of these allegations pertain in any manner to Plaintiff's copyright infringement claims, or any of Plaintiff's additional claims including, declaratory relief, unjust enrichment, accounting and constructive trust. Such immaterial and scandalous allegations were included simply in an attempt to defame and embarrass Mr. Mgrdechian and must be stricken from the Amended Complaint.

Thus, the paragraphs enumerated below must be stricken from the Amended Complaint.

## BRIEF FACTUAL BACKGROUND

On or about May 31, 2011, Mr. Bray entered into an independent contractor agreement with Purple Eagle ("Band Member Agreement") to serve as a member of Purple Eagle's patriotic band, Madison Rising (the "Band"). *See* **Exhibit "B"**. Mr. Mgrdechian is the creator and manager of the Band, and the President and CEO of Purple Eagle.

Though the Band Member Agreement initially provided for a three-year term, ending in May 2014, it additionally provided for an extension if the parties agreed[2]. *Id*. at §3. Prior to the expiration of the Band Member Agreement, Mr. Bray agreed to continue working for Purple Eagle under the same terms of the Band Member Agreement without the payment of an extension fee. *Id*. The Band Member Agreement provided that all materials created or contributed to by Mr.

[2] "…mutually agree, in good faith, to extend the Employment Period for an additional three-year period upon payment of a mutually agreed to extension fee to Musician [Mr. Bray] **not to exceed $25,000** [emphasis added]."


**DAVIDOFF LAW FIRM, PLLC**
228 East 45th Street, Suite 1700, New York, New York 10017 ● Telephone (212)-587-5971● Fax (212)-658-9852

Bray during the duration of his work with Purple Eagle was assigned to Purple Eagle[3]. *Id.* All of the materials Mr. Bray plead in the Amended Complaint were created during the time period he worked for Purple Eagle.

On or about February 29, 2016, Mr. Bray was suspended by Purple Eagle and removed as a member of the Band pursuant to a written communication (the "Suspension Letter")[4]. *See* Suspension Letter attached hereto as **Exhibit "C"**. After much communication between Plaintiff and Mr. Bray, including through their attorneys, Purple Eagle terminated the Band Member Agreement and Mr. Bray as a member of the Band on March 11, 2016. Following his termination, Purple Eagle tendered to Mr. Bray all amounts due and owing that he was entitled to under the extended Band Member Agreement. *Id*. However, Mr. Bray refused to accept the payment and refused to honor his obligations to Purple Eagle. *See* **Exhibit "D"**.

Subsequently, on November 30, 2016, Purple Eagle initiated a lawsuit in the Supreme Court, New York County (Index #160022/2016) against Mr. Bray and his wife, Rebecca Bray (the "State Action"). *See* **Exhibit "E"**. Contemporaneously with the filing of the Amended Complaint the Plaintiff filed an order to show cause seeking a temporary injunction ("TRO") prohibiting the Defendants from taking certain actions regarding the Plaintiff's business interests.[5] Prior to the hearing on the TRO, Mr. Bray affirmed the terms of the Band Member Agreement when he entered into a stipulation with Purple Eagle and agreed to the terms of the Agreement, agreeing that such terms were applicable – including the non-compete provision. *See* **Exhibit "F"**.

---

[4] Specifically, the Suspension Letter stated that, "As you know, the total value of the time and money invested in this project by myself and others **amounts to millions of dollars** [emphasis added], and your reckless narcissistic and sociopathic actions may very well have rendered all of that to be worthless." *See* **Exhibit "C".**


**DAVIDOFF LAW FIRM, PLLC**
228 East 45th Street, Suite 1700, New York, New York 10017 ● Telephone (212)-587-5971● Fax (212)-658-9852

On April 27, 2018, after over a year of litigation in the State Action and shortly after most of Mr. Bray's counter and third-party claims in the State Action were dismissed, and during the pendency of a motion for reconsideration on one of the remaining claims, Mr. Bray removed the State Action to this Court. *See* **Exhibit "F".** Then, while there was a pending motion to remand the State Action back to the New York Supreme Court, Mr. Bray filed the instant action, which is purportedly in regard to copyright issues. *See* **Exhibit "A"**.

Plaintiff's Amended Complaint appears to be premised upon alleged copyright infringement committed by the Defendants against the Plaintiff's ownership and/or authorship interests in several musical compositions and recordings. *Id*. However, while a curt portion of the Amended Complaint pertains to Plaintiff's copyright claims, the vast majority of the Amended Complaint is composed of immaterial and scandalous allegations against Mr. Mgrdechian, which Mr. Bray and his counsel previously threatened to do if the Defendants did not pay Mr. Bray a substantial amount of money. The Amended Complaint blatantly and intentionally attacks Mr. Mgrdechian in his individual capacity making numerous allegations as to Mr. Mrgdechian's political views and accusing Mr. Mgrdechian of committing numerous acts of lewd, abusive, improper, and criminal conduct. *Id.* It is obvious that none of these allegations pertain in any manner to Plaintiff's copyright infringement claims, or any of Plaintiff's additional claims including, declaratory relief, unjust enrichment, accounting and constructive trust. Such immaterial and scandalous allegations were included simply in an attempt to defame and embarrass Mr. Mgrdechian and must be stricken from the Amended Complaint.


**DAVIDOFF LAW FIRM, PLLC**
228 East 45th Street, Suite 1700, New York, New York 10017 ● Telephone (212)-587-5971● Fax (212)-658-9852

**DISCUSSION**

**A. Standard of Review**

F.R.C.P. Rule 12(f) holds that courts "may strike from a pleading an insufficient defense or any redundant, **immaterial, impertinent, or scandalous matter** [emphasis added]." *Fed. R. Civ. P.* 12(f). Under Rule 12(f), courts may strike allegations "if they have no real bearing on the case, will likely prejudice the movant, *or where they have criminal overtones*." *See, e.g., G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002) (emphasis added). The Second Circuit long ago ruled that, pursuant to 12(f), allegations may be stricken if "no evidence in support of the allegation [to be stricken] would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F. 2d 887, 893 (2d Cir. 1976). The decision to strike is within the court's discretion. *See, e.g., Moore's Fed. Practice 3d* § 12.37[1].

"[W]here the materiality of the alleged matter is highly unlikely or where its effect would be prejudicial, the Court may order it stricken." *Velez v. Lisi*, 164 F.R.D. 165, 166 (S.D.N.Y. 1995). Striking is particularly appropriate if allegations "have no real bearing on the case, will likely prejudice the movant, *or where they have criminal overtones.*" *See, e.g. G-I Holdings*, 238 F. Supp. 2d at 554-555 (striking tangential allegations of sexual impropriety from a RICO complaint against law firms) (emphasis added); *Roberto's Fruit Mkt., Inc. v. Schaffer*, 13 F. Supp. 2d 390, 397 (E.D.N.Y. 1998) (striking allegations of criminal activity from a RICO complaint because such alleged activities were not predicate acts of the conspiracy alleged); *Morse v. Weingarten*, 777 F. Supp. 312 (S.D.N.Y. 1991).

Motions to strike are not generally favored, **except in relation to scandalous matters** [emphasis added]. *Wine Mkts. Int'l v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998). Frequently courts will strike references that have criminal overtones. *See Toto v. McMahan, Brafman,*


**DAVIDOFF LAW FIRM, PLLC**
228 East 45th Street, Suite 1700, New York, New York 10017 ● Telephone (212)-587-5971● Fax (212)-658-9852

*Morgan & Co*., 1995 U.S. Dist. LEXIS 1399 at *46-47 (S.D.N.Y. 1995). For instance, in *Cooper v. North Jersey Trust Co.*, 10 Fed. R. Serv. 2d 127, 130 (S.D.N.Y. 1966), the court struck references to certain indicted individuals who were allegedly defendants' co-conspirators. The Court held there that whether the jury should be made aware of the indictments was a matter more suited to being decided by a Judge during trial. *Id.* That was especially so because there was a dispute as to whether certain of the references were related to the conduct giving rise to the litigation. *Id.*

The Second Circuit Court of Appeals stated that: "It is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible…Thus the courts should not tamper with the pleadings unless there is a strong reason for doing so." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). In spite of this reluctance, allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones. *Toto v. McMahan, Brafman, Morgan & Co.*, 1995 U.S. Dist. LEXIS 1399 (S.D.N.Y. Feb. 7, 1995) (citation omitted); *see also* Wright, Miller & Marcus, *Fed. Prac. & Proc.: Civil 2d* § 1382, at 714 (West 1994 & Supp. 2001) ("Scandalous allegations . . . will often be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations.")

The Plaintiff's Amended Complaint contains numerous allegations that fall squarely within the scope of the case law and Rule 12(f) that permit and recommend striking of the allegations. Furthermore, Timothy Parlatore, Esq., Plaintiff's counsel, should be reprimanded by this Court for his submission of this Amended Complaint, which any reasonable lawyer would know is wholly improper and outside the guidelines of professionalism.


**DAVIDOFF LAW FIRM, PLLC**
228 East 45th Street, Suite 1700, New York, New York 10017 ● Telephone (212)-587-5971● Fax (212)-658-9852

**B. A Substantial Number of Allegations Contained in Plaintiff's Complaint Must be Stricken as Immaterial, Impertinent and Scandalous**

A plain and cursory reading of the Plaintiff's Amended Complaint evidences that the vast majority of the allegations pled by the Plaintiff are irrelevant, impertinent and scandalous, and are simply intended to defame and embarrass the Defendants, and in no way asserted for any type of valid legal claim or to support the causes of action in the Amended Complaint. The allegations in Plaintiff's Amended Complaint that must be stricken by this Court including[6]: references to irrelevant, impertinent and scandalous materials, including Mr. Mgrdechian's background and political beliefs, and baseless allegations of potentially criminal conduct: Complaint Paragraphs 4, 26-31, 35, 44, 47-49, 50, 51, 63, 72-87, 88, 89, 94, 97, 100-103, 105-108 (collectively the "Proposed Stricken Allegations"). Forty-three paragraphs that have absolutely no relevance to Plaintiff's causes of action.

As the crux of Plaintiff's Amended Complaint is purportedly with regards to copyright infringement, any allegations pertaining to Mr. Mgrdechian's personal life and background are immaterial and impertinent to the advancement of Plaintiff's causes of action. Allegations regarding Mr. Mgrdechian's political views and claims hurled against Mr. Mgrdechian of salacious and criminal conduct have no basis in a complaint seeking damages for copyright infringement. None of the Proposed Stricken Allegations involve or pertain to Mr. Bray's alleged copyright infringement claim in any manner, or any of Mr. Bray's additional causes of action. Such scandalous and immaterial allegations would not be admissible to prove any of Plaintiff's causes of action, and would fail the Second Circuit's standard, cited above for striking immaterial allegations: "no evidence in support of the allegation would be admissible." *Lipsky*, 551 F.2d at

[6] The Defendants did not quote directly from each paragraph that they request be stricken because of page limitations. If at a later time the Court wishes for the Defendants to do so, a supplement to the instant motion can be prepared.

893. It is clear that such allegations are entirely unrelated to the case at bar, are irrelevant and must be stricken.

Additionally, the Defendants filed a motion to dismiss all of Plaintiff's causes of action in the Amended Complaint as the Plaintiff never registered or pled that he registered copyrights for the materials he claims were infringed upon by the Defendants, the Plaintiff's other claims are duplicative and this Court does not have jurisdiction over such claims since they are all state causes of action [*See* ECF Doc. No. 11]. Furthermore, Mr. Mgrdechian is a named as a party in this action despite there being no allegations as to any violation of Mr. Bray's copyright rights by Mr. Mgrdechian in his individual capacity, and outside his capacity as a director/officer of Purple Eagle, which has investors and officers beyond Mr. Mgrdechian.

It is clear that the Plaintiff brought forth this action solely in an attempt to smear Mr. Mgrdechian and encourage this Court to take supplemental jurisdiction of the State Action. Interestingly, even though Plaintiff's employment was terminated by Purple Eagle in February 2016, and was sued in the State Action in November 2016, Mr. Bray filed the initial action almost 27 months after his termination. If Plaintiff's claims had merit, Plaintiff would have brought such claims much earlier, especially since he had two prior attorneys before Mr. Parlatore. Only after retaining an attorney with no moral aptitude was the Amended Complaint filed, solely with the agenda of attempting to destroy the Defendants' reputations.

Plaintiff and Mr. Parlatore's conduct is meritless and unprofessional. These scandalous allegations were threatened in the past by the Plaintiff and Mr. Parlatore if the Defendants did not pay Mr. Bray a substantial amount of money, which was not warranted. Such extortion attempt failed, and resulted in the filing of this action, which Mr. Parlatore is now using to attempt to further extort money from the Defendants. In furtherance of the extortion attempt, and solely to

damage the reputation of Mr. Mgrdechian through their false and scandalous assertions, Mr. Bray and Mr. Partlatore intentionally provided the lawsuit to the New York Post gossip column (Page Six) which published many these accusations as part of a story on June 11, 2018. Plaintiff and Mr. Parlatore's unprofessional conduct is further evidenced by their offer to mediate the claims in the instant action, but such offer was only made after the filing of the scandalous and defaming allegations contained in the Amended Complaint and the publishing of such in the New York Post. *See* **Exhibit "G".**

Thus, for the foregoing reasons, the Proposed Stricken Allegations must be stricken from the Amended Complaint.

**C. The Court Should Act Pursuant to its Inherent Powers and Issue an Order of Sanctions, Costs and Attorney's Fees against the Plaintiff and Mr. Parlatore.**

Finally, the Defendants' respectfully request that the Court act upon its inherent powers to sanction the Plaintiff and Mr. Parlatore for their unprofessional, meritless, and frivolous conduct of including the Proposed Stricken Allegations in the Amended Complaint, which they knew at the time of filing was included solely for the purposes of defaming, harming, and embarrassing Mr. Mgrdechian and Purple Eagle. This conduct is squarely bad-faith and improper.

It is well-settled that courts have certain inherent powers, including the inherent power to impose sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ("The court further found that neither 28 U. S. C. § 1927 nor Federal Rule of Civil Procedure 11 limits a court's inherent authority to sanction bad-faith conduct "when the party's conduct is not within the reach of the rule or the statute."); *see also Nasco, Inc. v. Calcasieu Tel. & Radio*, 894 F.2d 696, 702-03 (5th Cir. 1990). More specifically, courts have recognized that while these powers should be exercised "with restraint and discretion," the "'less severe sanction' of an assessment of attorney's fees is undoubtedly within a court's inherent power as well." *Chambers v. NASCO, Inc., 501 U.S.* at 45.


**DAVIDOFF LAW FIRM, PLLC**
228 East 45th Street, Suite 1700, New York, New York 10017 ● Telephone (212)-587-5971● Fax (212)-658-9852

This inherent power allows courts to impose sanctions on a litigant for acting in bad faith, wantonly, or for oppressive reasons. *Id.* at 45–46. Unlike Rule 11, which governs only papers filed with the court or a matter sought pursuant to 28 USC §1927 that governs only the actions of attorneys, the inherent powers for a court extend to a full range of litigation abuses.

The meritless, frivolous and unprofessional nature of the Plaintiff and Mr. Parlatore's conduct relating to the Amended Complaint and Proposed Stricken Allegations is well documents *supra*, and evidences the necessity for the Court to impose sanctions against them. Additionally, as noted above, following the Defendants' filing of a motion to Dismiss the Amended Complaint, Mr. Parlatore proposed the idea of mediation between the Plaintiff and Defendants. *See* **Exhibit "G"**. However, the Defendants proposed mediation of the instant claims and those in the State Action (all of the claims amongst the parties) in September, 2017 during the litigation in the State Action, but were rebuffed by the Plaintiff (and Mrs. Bray). *See* Declaration of Jonathan Davidoff, Esq. ("Davidoff Declaration"). In fact, the parties actually agreed to mediate, and conducted an initial settlement conference, after which Mr. and Mrs. Bray refused to mediate and Purple Eagle filed a motion in the State Action to compel mediation, which was opposed by the Plaintiff. *Id*. Additionally, after Mr. Parlatore entered this action, he also refused to mediate the claims without him first filing the instant action (as he desired to embarrass and tarnish Mr. Mgrdechian's reputation and name). *See* **Exhibit "H"**. The Plaintiff (and Mr. Parlatore) now suggests mediation only after the Amended Complaint was filed in which Mr. Mgrdechian was embarrassed and defamed. If the Plaintiff was sincere in his attempts to resolve this matter, which the Defendants have attempted to work towards for almost a year, Mr. Bray would have agreed to mediation ten months ago and not opposed Purple Eagle's motion in the State Action. And, most interestingly, Mr. Parlatore, who seeks to have his name in the media at all costs, contacted the New York Post


**DAVIDOFF LAW FIRM, PLLC**
228 East 45th Street, Suite 1700, New York, New York 10017 ● Telephone (212)-587-5971● Fax (212)-658-9852

to write an article about the instant action. In fact, on June 10, 2018, Defendants counsel received a phone call from Rebecca Rosenberg[7], a writer for the New York Post, who sought a statement from the Defendants, and advised that she had already received Mr. Parlatore's statement for the Plaintiff. *See* Declaration of Jonathan Davidoff. Mr. Parlatore has at least 27 articles in the New York Post, of which four of the more recent articles were written by Ms. Rosenberg. *See* **Exhibit "I"**. Clearly, Mr. Parlatore and the Plaintiff sought to embarrass and tarnish Mr. Mgrdechian's reputation as Mr. Parlatore provided a comment to the New York Post and the scandalous and irrelevant allegations were detailed in the article that was published in print and on the New York Post website. *See* **Exhibit "J"**.

The mere fact that Mr. Parlatore suggest mediation after receipt of the Defendants' motion to dismiss is telling of how much he and Plaintiff valued embarrassing and attacking the Defendants. Litigation is not to be used to defame others under the blanket of the litigation privilege, and therefore sanctions are available and should be issued by this Court.

As such, it would be proper and necessary for the Court to act pursuant to its inherent powers and issue an order for sanctions against the Plaintiff and Mr. Parlatore and award the Defendants their costs and attorneys' fees for having to bring forth the instant motion, as well as the motion to dismiss the Amended Complaint.

## CONCLUSION

For the reasons detailed herein, the Defendants respectfully request the Court strike all of the Proposed Stricken Allegations from the Amended Complaint, as well as any other relief the

---

[7] The Defendants do not contend that the New York Post or Ms. Rosenberg committed any improper conduct, as it is the Defendants' belief that they were reporting the claims in the Amended Complaint. However, the Defendants content that the allegations should never have been included, as Mr. Parlatore sought to try to hide behind the litigation privilege and defame Mr. Mgrdechian and Purple Eagle with the allegations included in the Amended Complaint and then to have the New York Post write an article about such allegations.

Court deems just and proper, including sanctions against Plaintiff and Mr. Parlatore for all of the attorneys' fees and costs that the Defendants incurred in bringing forth this motion plus the requirement that Mr. Parlatore successfully complete an ethics course in professional conduct and sensitivity training.

Dated: August 14, 2018
New York, New York

DAVIDOFF LAW FIRM, PLLC

***J/M/D***

Jonathan Marc Davidoff, Esq. (#JD9157)
*Attorneys for Defendants*
228 East 45th Street, Suite 1700
New York, New York 10017
Tel: 212-587-5971
Fax: 212-658-9852
Jonthan@davidofflawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THIS 14th day of August, 2018, that a copy of the foregoing Motion to Strike was served on counsel for the Plaintiff via ECF/CM.

DAVIDOFF LAW FIRM, PLLC

***J/M/D***

Jonathan Marc Davidoff, Esq. (#JD9157)

**DAVIDOFF LAW FIRM, PLLC**
228 East 45th Street, Suite 1700, New York, New York 10017 ● Telephone (212)-587-5971● Fax (212)-658-9852