USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 1 2 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DAVID BRAY,

                Plaintiff,

    -against-

PURPLE EAGLE ENTERTAINMENT, INC. and
RICHARD MRGDECHIAN,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

18 Civ. 5205 (GBD) (HBP)

GEORGE B. DANIELS, United States District Judge:

Plaintiff David Bray brings this action against Defendant Purple Eagle Entertainment, Inc. ("Purple Eagle") and its principal, Defendant Robert Mrgdechian, asserting state and federal claims stemming from Defendants' alleged infringement of Plaintiff's copyrights to several songs that Plaintiff wrote while employed by Purple Eagle as a member of the band Madison Rising. (*See* Am. Compl., ECF No. 19.) Defendants move to dismiss Plaintiff's state law claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and to dismiss all of Plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6).[1] (ECF No. 21.) In the alternative, Defendants seek to convert their motion to dismiss into one for partial summary judgment on Plaintiff's copyright infringement claim pursuant to Rule 12(d). (*Id.*) Defendants separately move to strike certain allegations in the amended complaint pursuant to Rule 12(f). (ECF No. 23.) Defendants also seek to recover attorneys' fees and costs incurred in connection with both motions. (*See* ECF Nos. 21, 23.)

---

[1] Defendants previously filed similar motions to dismiss and strike allegations from the original complaint. (*See* ECF Nos. 10, 12.) By Order dated October 16, 2018, this Court adopted Magistrate Judge Pitman's September 27, 2018 Report and Recommendation, which recommended that both motions be denied as moot in light of Plaintiff's filing of the amended complaint. (*See* Memorandum Decision and Order, ECF No. 41.)

Before this Court is Magistrate Judge Henry B. Pitman's January 18, 2019 Report and Recommendation, (the "Report," ECF No. 44), recommending that Defendants' motion to dismiss for failure to state a claim be granted with leave to replead, that Defendants' motion for partial summary judgment be denied, and that Defendants' motion to strike be granted in part and denied in part. (*Id.* at 29.) In his Report, Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 30.) Plaintiff filed timely objections. (Objs., ECF No. 46.)

Plaintiff's objections are overruled, and the Report is ADOPTED in full.

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). The clear error standard also applies when a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS) (KNF), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (quoting *Rodriguez v. Colvin*, No. 12 Civ. 3931 (RJS) (RLE), 2014 WL 5038410, at *3 (S.D.N.Y. Sept. 29, 2014)). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that

a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM

Magistrate Judge Pitman correctly found that Plaintiff's federal copyright infringement claim should be dismissed for failure to state a claim because it does not allege any infringing conduct. (Report at 18.) As explained in the Report, the amended complaint alleges that "[t]hrough [its] conduct averred herein, Defendant Purple Eagle has infringed Plaintiff['s] copyright," but the preceding paragraphs of the amended complaint do not allege "reproduction, distribution, public performance or preparation of derivative works." (*Id.* at 19–20 (quoting Am. Compl. ¶ 129)); *see also Latin Am. Music Co. v. Spanish Broad. Sys., Inc.*, 254 F. Supp. 3d 584, 590 (S.D.N.Y. 2017) (noting that a copyright infringement claim requires allegations of "copying," which is "shorthand for the infringing of any of the copyright owner's five exclusive rights . . . , namely, to 'reproduce, perform publicly, display publicly, prepare derivative works of, and distribute copies of, his copyrighted work'") (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010)).

Magistrate Judge Pitman further correctly found that this Court has diversity jurisdiction over Plaintiff's state law claims, because Defendants have "failed to establish to a legal certainty that [P]laintiff's claims do not satisfy the amount in controversy requirement."[2] (Report at 18; *see also id.* at 9 ("[T]he sum claimed by the plaintiff controls, if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283,

---

[2] As Magistrate Judge Pitman notes, because this Court has diversity jurisdiction over Plaintiff's state law claims, it need not consider whether the exercise of supplemental jurisdiction would otherwise be appropriate. (Report at 18 n.3.)

3

288 (1938)).) Nonetheless, Magistrate Judge Pitman also found that the state law claims should be dismissed because they are "based on [P]laintiff's copyright claim" and "seek different remedies for the same alleged wrong."[3] (Report at 21–22.)

Plaintiff does not object to Magistrate Judge Pitman's findings as to jurisdiction and the dismissal of his claims for copyright infringement, declaratory relief, an accounting, or unjust enrichment. (*See* Objs. at 1.) However, Plaintiff does object to the dismissal of his constructive trust claim. Plaintiff asserts that his constructive trust claim is not "an 'alternative remedy to [P]laintiff's copyright infringement claim,'" (*id.* (quoting Report at 27)), because it seeks to preserve the equity interest in Purple Eagle that Mrgdechian promised Plaintiff in return for his "significant effort . . . to turn the band into a profitable endeavor," which went "well beyond his songwriting and performing." (*Id.* at 3.) Plaintiff made a substantially similar argument before Magistrate Judge Pitman. (*See* Mem. in Opp'n to Mot. to Dismiss, ECF No. 28, at 13) ("Plaintiff's constructive trust cause of action . . . is based on the fact that . . . Mr. Mrgdechian offered Plaintiff a partnership in Purple Eagle" and "Plaintiff put a tremendous amount of effort into making Purple Eagle successful.") Thus, this Court need only review Magistrate Judge Pitman's finding for clear error. *Stone*, 2018 WL 1581993, at *3. However, even upon *de novo* review, Plaintiff's objection is without merit.

Plaintiff's constructive trust claim alleges that "[i]n addition to his creative and branding contributions, Plaintiff also filled a vital public relations/damage control role." (Am. Compl. ¶ 149.) But this allegation does not meaningfully distinguish his constructive trust claim from his copyright claim, because Plaintiff has not alleged that the band had any means of deriving value

---

[3] Because Magistrate Judge Pitman found that Plaintiff's claims are subject to dismissal under Rule 12(b)(6), his Report did not address the issue of whether those claims are also preempted by the Copyright Act, 17 U.S.C. § 101 *et. seq.* (Report at 22 n.4.)

4

from its public relations other than by performing and selling recordings of the material that he claims is subject to copyright. Similarly, although Plaintiff alleges that a constructive trust is necessary to protect his interest in "the company, the band" and "goodwill and customers" in addition to "intellectual property," Plaintiff does not allege that the company or band had any assets other than the alleged copyrighted material. (*Id.* ¶ 151.) Nor does Plaintiff allege that the company or band had any means of deriving value from goodwill and relations with customers other than making use of the alleged copyrighted material. Thus, because Plaintiff's constructive trust claim would, in effect, serve to compensate him for the use of the same material that is the subject of his copyright claim (and his other state law claims), it is dismissed as duplicative.

## III. DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT IS DENIED

As an alternative to their motion to dismiss, Defendants request that this Court convert their motion to one for partial summary judgment pursuant to Rule 12(d) by considering a Band Member Agreement that is outside of the pleadings.[4] (*See* Mem. in Supp. of Mot. to Dismiss, ECF No. 22, at 23 (citing *id.*, Ex. B, ECF No. 22-2 (Band Member Agreement).) Magistrate Judge Pitman correctly found that Defendants' motion should be denied because material issues of fact will remain even if the Band Member Agreement is considered. (Report at 22.) As further discussed in the Report, there are issues of fact as to when the works were created and as to whether those works were created while the Band Member Agreement was in effect. (*Id.* at 23.) Plaintiff does not object to Magistrate Judge Pitman's denial of Defendant's partial summary judgment motion.

---

[4] Rule 12(d) provides, in pertinent part, that "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

5

## IV. DEFENDANTS' MOTION TO STRIKE IS GRANTED IN PART

Defendants move to strike several allegations from the Amended Complaint pursuant to Rule 12(f).[5] (*See* ECF No. 23.) Under that rule, "[a]llegations may be stricken where they have no bearing on the parties' claims or defenses, will likely be prejudicial, or where they have criminal overtones." *Hunter v. Palisades Acquisition XVI, LLC*, No. 16 Civ. 8779 (ER), 2017 WL 5513636, at *9 (S.D.N.Y. Nov. 16, 2017) (internal quotation marks and citation omitted); *see also Eaton v. Am. Media Operations*, No. 96 Civ. 6158 (MBM), 1997 WL 7670, at *5 (S.D.N.Y. Jan. 9, 1997) ("Arguably relevant material may . . . be stricken . . . where it might prejudice the moving party."). Accordingly, as the Report notes, "[c]ourts in this district have stricken various categories of allegations based on their irrelevance and prejudicial effect." (Report at 16) (collecting cases).

Here, Magistrate Judge Pitman found that Defendant's motion to strike should be granted as to the entirety of paragraphs 27–29, 72–88 and 91 and as to portions of paragraphs 4, 26, 30, 31, 35, 44, 50, and 63 and denied in all other respects.[6] (Report at 25–26.) While Plaintiff does not identify any specific language that he believes should not be stricken, he objects generally that "the sections which the Magistrate has recommended to be stricken describe how Plaintiff had to put in significant time and effort to combat Defendant Mrgdechian's actions and behaviors, which threatened to destroy the profitability of the band" and "outline Plaintiff's time and effort expended to turn the band from a politically divisive tool into a patriotic and popular product." (*Id.*) Plaintiff raised a substantially similar argument before Magistrate Judge Pitman. (Mem. of Law in Opp'n

---

[5] Rule 12(f) provides, in pertinent part, that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter" on "motion made by a party . . . before responding to the pleading." Fed. R. Civ. P. 12(f).

[6] Plaintiff does not object to Magistrate Judge Pitman's finding that paragraphs 47–49, 51, 89, 94, 97, 100–03, and 105–08 should not be stricken. (Report at 26.) As discussed in greater detail in the Report, Magistrate Judge Pitman correctly found that the allegations in those paragraphs are not prejudicial and are relevant to band marketing, business and decision-making, Plaintiff's departure from the band and its aftermath, and Plaintiff's authorship of a particular work. (*Id.* at 26–27.)

6

to Mot. to Strike, ECF No. 29, at 5–6 (asserting that the challenged paragraphs "outline[] much of the efforts that Mr. Bray undertook . . . to turn the band into a profitable enterprise," which included "protecting the band from being damaged by Mr. Mgrdechian's activities").) Accordingly, this Court need only review this aspect of the Report for clear error. *Stone*, 2018 WL 1581993, at *3. But even on *de novo* review, Plaintiff's objection has no merit.

As to the allegations concerning Mrgdechian's political beliefs, the three paragraphs that Magistrate Judge Pitman found should be stricken in their entirety describe books authored by Mrgdechian and do not mention Plaintiff. (*See* Am. Compl. ¶¶ 27–29.) Likewise, the portions of several paragraphs that Magistrate Judge Pitman found should be partially stricken are those that use "terms like 'divisive,' 'hateful,' 'alt-right,' 'extremist,' and similar language to refer to *Mrgdechian* and his political beliefs." (Report at 25 (citing Am. Compl. ¶¶ 4, 26, 30, 31, 35, 44, 50, & 63) (emphasis added).) The paragraph discussing other litigation that Magistrate Judge Pitman found should be stricken also contains no mention of Plaintiff. (*See* Am. Compl. ¶ 91.) Because these allegations "have no bearing on the parties' claims or defenses" and "will likely be prejudicial," they are stricken. *Hunter*, 2017 WL 5513636, at *9.

Several of the paragraphs discussing alleged sexual misbehavior and drug use, like the other categories of paragraphs discussed above, refer only to Mrgdechian. (Am. Compl. ¶¶ 72, 76, 78–80, 86, 88.) Other paragraphs mention Plaintiff, but do not refer to any actions that Plaintiff took in response to Mr. Mrgdechian's alleged behaviors. (*Id.* ¶¶ 77, 81–82, 84–85.) To the extent that some paragraphs do mention actions that Plaintiff took, their descriptions of the impact that Plaintiff's actions had on the reputation or profitability of the band are vague and general. (*See, e.g., id.* ¶ 73 ("Mr. Bray was constantly doing damage control to counteract Mr. Mrgedian's outrageous behavior."); *see also id.* ¶¶ 74–75, 83, 87.) Even if these paragraphs are "[a]rguably

7

relevant," their potential for prejudice warrants granting the motion to strike. *Eaton*, 1997 WL 7670, at *5.

## V. DEFENDANTS' REQUEST FOR ATTORNEYS' FEES IS DENIED

In connection with both the motion to strike and the motion to dismiss, Defendants seek an award of attorneys' fees and costs. (*See* Report at 27.) Magistrate Judge Pitman correctly found that Defendants' request for attorneys' fees and costs with respect to the motion to dismiss should be denied as premature, because dismissal of the amended complaint with leave to amend does not qualify Defendants as "prevailing parties" for purposes of the Copyright Act.[7] (*See* Report at 28 (citations omitted)); *see also Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 265–66 (S.D.N.Y. 2013) (noting that defendants are not "prevailing parties" when "a plaintiff remains free to pursue his claims . . . because it remains to be seen which party will, in fact, prevail on the merits") (quoting *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 103 (2d Cir. 2006)).

Magistrate Judge Pitman also correctly found that an award of attorneys' fees and costs is not warranted with respect to the motion to strike. (*Id.* at 29.) As explained in the Report, Defendants' allegations do not contain facts characterized by the requisite "high degree of specificity" necessary to establish bad faith, and Defendants' motion was only partially successful. (*Id.* at 28–29 (quoting *Miltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 38 (2d Cir. 1995).) Plaintiff does not object to Magistrate Judge Pitman's findings regarding attorneys' fees.

---

[7] The pertinent provision of the Copyright Act states, in part, that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

8

## VI. CONCLUSION

Plaintiff's objections are overruled, and the Report is ADOPTED in full. Defendants' motion to dismiss for failure to state a claim, (ECF No. 21), is GRANTED.[8] Defendants' motion to strike, (ECF No. 23), is GRANTED in part and DENIED in part.

Dated: New York, New York
      February 11, 2019

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

---

[8] Plaintiff may seek leave to file an amended pleading by letter application with a proposed amended complaint within thirty days, if such amendment would not be futile.

9