UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID BRAY,

                        Plaintiff,

-v-                                        CIVIL ACTION NO.: 18 Civ. 5205 (GBD) (SLC)

**ORDER**

PURPLE EAGLE ENTERTAINMENT, INC., et al.,

                        Defendants.

**SARAH L. CAVE**, United States Magistrate Judge.

On July 6, 2021, the Court ordered Plaintiff to request a Certificate of Default from the Clerk of Court by July 13, 2021 and file a Motion for Default Judgment in accordance with the Individual Practices of the Honorable George B. Daniels, Rule 55 of the Federal Rules of Civil Procedure and S.D.N.Y. Local Rule 55 by July 27, 2021. (ECF No. 139 (the "Default Order" ()).

Following the Default Order, Plaintiff filed a Proposed Clerk's Certificate of Default (ECF No. 141) and an Affirmation of counsel (these documents together, the "Default Application") (ECF No. 142). Plaintiff did not file a memorandum of law, affidavit from the Plaintiff, or exhibits providing documentary support for the Default Application. In relevant part, the Affirmation states that "[t]his action seeks judgment declaring Plaintiff owns the copyrights" to twenty listed compositions, and proposes that because

> the full monetary value of the damages cannot be ascertained based on the documents that have been disclosed thusfar, Plaintiff intends to submit draft subpoenas for the Court to issue to various music distribution channels to obtain the accounting sought in the complaint. Once those documents are obtained, then an appropriate brief can be submitted to obtain a money judgment from the Court.

(ECF No. 142 ¶¶ 7–8).

A default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). A defendant's default is deemed "a concession of all well-pleaded allegations of

liability," but it is not deemed an admission of damages. Rovio Ent., Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 545 (S.D.N.Y. 2015). Although the default equates to a concession of the truth of the allegations as to liability, a court must still examine the pleadings to determine whether a plaintiff's allegations are prima facie sufficient to demonstrate liability for the cause of action as to which they are seeking a default judgment. See Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas, 509 F. App'x 54, 56 (2d Cir. 2013) (liability of defaulting defendant depends on whether "allegations are sufficient to state a cause of action"); Lenard v. Design Studio, 889 F. Supp. 2d 518, 528 (S.D.N.Y. 2012) ("Without a response from Defendants, this Court must first determine whether the allegations in Plaintiff's Complaint are sufficiently pleaded to establish Defendants' liability."); Bleecker v. Zetian Sys., Inc., No. 12 Civ. 2151 (DLC), 2013 WL 5951162, at *4–5 (S.D.N.Y. Nov. 1, 2013) (evaluating whether plaintiff had adequately pled federal jurisdiction and elements of breach of contract claim).

Once liability has been established, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Am. Jewish Comm. v. Berman, No. 15 Civ. 5983 (LAK) (JLC), 2016 WL 3365313, at *3 (S.D.N.Y. June 15, 2016) (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)), adopted by 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016). The plaintiff "bears the burden of establishing [its] entitlement to recovery and thus must substantiate [its] claim with evidence to prove the extent of damages." Dunn v. Advanced Credit Recovery Inc., No. 11 Civ. 4023 (PAE) (JLC), 2012 WL 676350, at *2 (S.D.N.Y. Mar. 1, 2012). The plaintiff must demonstrate that the compensation it seeks "relate[s] to the damages that naturally flow from the injuries pleaded." Am. Jewish Comm., 2016 WL 3365313, at *3 (quoting Greyhound, 973 F.2d at 159). Where the damages are "not susceptible to simple mathematical calculation, Federal Rule of Civil Procedure 55(b)(2) gives courts discretion to determine whether an evidentiary hearing is necessary or whether to rely on

detailed affidavits or documentary evidence." Id. at *4 (internal citation omitted). If the documents the plaintiff has submitted provide a "sufficient basis from which to evaluate the fairness of" the requested damages, the court need not conduct an evidentiary hearing. Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989); see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997) (court may determine appropriate damages based on affidavits and documentary evidence "as long as [the court has] ensured that there [is] a basis for the damages specified in the default judgment") (internal citation omitted).

Plaintiff's application for a default judgment is DENIED WITHOUT PREJUDICE. Plaintiff's barebones submission — which is entirely lacking evidentiary support or a memorandum of law — does not include sufficient evidence for the Court's review, see Transatlantic Marine, 109 F.3d at 111, and the Court declines Plaintiff's invitation to effectively bifurcate the default judgment procedure and initiate discovery after the Clerk's entry of default.

Instead, to the extent Plaintiff seeks the Court's assistance with sending subpoenas to third parties to ascertain its damages (the "Subpoenas"), Plaintiff may submit the Subpoenas for the Court's review and endorsement by **Monday, September 27, 2021**.

After Plaintiff receives the responsive documents, it may renew its application for a default judgment (the "Renewed Application"). By **Monday, January 31, 2022,** Plaintiff shall file a status report advising the Court of the progress in collecting evidentiary support and projected date for filing a renewed motion for default judgment.

Dated:   New York, New York
         September 13, 2021

                              SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**