UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID BRAY,

                              Plaintiff,

  -v-                                      CIVIL ACTION NO.: 18 Civ. 5205 (GBD) (SLC)

PURPLE EAGLE ENTERTAINMENT, INC., et al.,        **ORDER**

                              Defendants.

**SARAH L. CAVE,** United States Magistrate Judge:

On July 6, 2021, the Court ordered Plaintiff to (i) request a Certificate of Default from the Clerk of Court by July 13, 2021, and (ii) file a Motion for Default Judgment by July 27, 2021. (ECF No. 139). On July 13, 2021, Plaintiff filed the Motion for Entry of Default, (see ECF No. 140 (the "Motion for Default")), the Proposed Clerk's Certificate of Default, (see ECF No. 141), and on July 14, 2021, filed the Affirmation of Counsel in Support of Judgment by Default (ECF No. 142 (collectively, the "Default Application")). On July 14, 2021, the Clerk of Court issued a "Notice to Attorney to Re-File" the Motion for Default, informed Plaintiff that the incorrect event type was selected, and advised Plaintiff to "[u]se the event type Affirmation in Support of a Non-Motion found under the event list Other Answers." (ECF min. entry July 14, 2021). Accordingly, the Clerk of Court did not issue any Certificates of Default as to the Defendants.

On September 13, 2021, the Court denied without prejudice the Default Application, reasoning that:

> Plaintiff's barebones submission — which is entirely lacking evidentiary support or a memorandum of law — does not include sufficient evidence for the Court's review, see Transatlantic Marine [Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.], 109 F.3d [105,] 111 [(2d Cir. 1997)], and the Court declines Plaintiff's invitation to effectively bifurcate the default judgment

procedure and initiate discovery after the Clerk's entry of default
after the Clerk's entry of default.

(ECF No. 143 at 3 (the "Sept 13 Order")).  The Sept 13 Order advised Plaintiff that he could renew his application for a default judgment.  (Id.)  On March 2, 2022, Plaintiff filed an Affirmation in Support of Judgment by Default, but labeled the document on the docket as "Motion for Default Judgment as to all [D]efendants."  (ECF No. 151 (the "Affirmation")).  On March 2, 2022, the Clerk of Court issued a "Notice to Attorney to Re-File Document" because "[t]he wrong PDF is attached[,]" and terminated the Affirmation.  (ECF min. entry Mar. 2, 2022).  To date, Plaintiff has not filed any documents moving for default judgment, properly requested Certificates of Default, or otherwise communicated with the Court.

Accordingly, if Plaintiff seeks to pursue default remedies in this case, by **Thursday, October 13, 2022**, Plaintiff shall (i) request Certificates of Default from the Clerk of Court, and (ii) file a Motion for Default Judgment in accordance with the Individual Practices of the Honorable George B. Daniels, Federal Rule of Civil Procedure 55, and S.D.N.Y. Local Rule 55 by no later than **Thursday, November 3, 2022**.

Dated:     New York, New York          SO ORDERED.
           October 4, 2022

_Sarah L. Cave_
**SARAH L. CAVE**
**United States Magistrate Judge**